## LEVI BROWN et al. v. THOMAS CHASE et al.

Before appointing a receiver to take charge of mortgaged premises, in a suit for the foreclosure of a mortgage, the Court must be satisfied, *first*, that the premises are insufficient to pay the debt; and, *second*, that the party personally liable is insolvent, so that an execution for the balance due after sale would be unavailing.

A security is presumed sufficient, until the contrary is shown.

A neglect to apply for a receiver within a reasonable time, is construed into a waiver of the right to make such application.

THIS was a petition for the appointment of a receiver of the rents and profits of mortgaged premises.

The complainants filed their bill to foreclose a mortgage August 13th, 1839. Davis, one of the defendants, put in his answer April 3d, 1841, admitting the rights of complainants, and the amount due on the mortgage, and the bill was taken as confessed against the other defendants. The amount due May 10th, 1841, for principal and interest, was $16,465.87. The petition stated that Chase, the mortgagor, had been decreed a bankrupt under the act of Congress, and that the mortgaged premises, with the appurtenances, were a slender and scanty security for the amount due on the mortgage. To show the value of the premises, numerous affidavits were read.

*E. B. Harrington*, for petitioners.

*Wm. Hale & H. N. Walker*, contra.

THE CHANCELLOR. A receiver of the rents and profits of mortgaged premises is sometimes appointed on the petition of the mortgagee, after he has filed his bill to fore-

close the mortgage. The Court must be satisfied, before making the appointment, that the mortgaged premises are insufficient to pay the mortgage debt, and that the mortgagor, or other party to the suit who is personally liable for its payment, is insolvent, or out of the jurisdiction of the Court, so that an execution against him for the balance that should remain due after a sale of the mortgaged premises, would be unavailing. Chase, the mortgagor, who is personally liable for the payment of the debt, has been decreed a bankrupt on his own petition. So far the complainants have made out their case; but they have failed to satisfy the Court that the mortgaged premises are insufficient to pay the mortgage debt. The security was one of their own taking, and the presumption is that it is sufficient, until the contrary appears. To sustain their application, they have produced the affidavits of fifteen different persons to the value of the mortgaged premises. The several valuations of these individuals range from $14,500, to $18,000. On the other hand, the defendants have produced the affidavits of sixteen or more individuals, whose several valuations range from $22,000, to $30,000. A majority of the persons last mentioned, value the premises at $25,000 or more. The Court cannot say, under such circumstances, that the mortgaged premises are insufficient security.

The complainants have come too late with this motion. They filed their bill August 13th, 1839, nearly three years ago, and, for aught that appears from their petition, might, with due diligence, have obtained a decree long before this time, and had the mortgaged premises sold. If they were entitled to a receiver, their neglect to apply for his appointment at an earlier day, should be construed as a waiver of their right.

Motion denied.